# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ELOUISE BRADLEY,

          Plaintiff,

v.

WISCONSIN DEPARTMENT OF CHILDREN AND FAMILIES, WISCONSIN DEPARTMENT OF JUSTICE, JENNIFER SABREE, JANE ABSHIRE, REBECCA MCFADDEN, MEGAN MCDERMOTT, MILWAUKEE COUNTY, and BUREAU OF MILWAUKEE CHILD WELFARE,

          Defendants.

Case No. 17-CV-509-JPS

**ORDER**

Plaintiff filed a *pro se* complaint taking issue with various actions of Defendants. (Docket #1). This matter comes before the court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). Notwithstanding the payment of any filing fee, the Court must dismiss a complaint if it raises claims that are "frivolous or malicious," that is, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious,"

although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

Plaintiff's complaint is largely incoherent. The Court gathers that Plaintiff's concerns center on Defendants' role in shutting down her daycare facility. (Docket #1 at 2-3). Despite her difficult-to-follow allegations, Plaintiff herself is no stranger to this Court. In fact, she has filed a complaint in this District alleging similar underlying facts three prior times in the previous five years. *Bradley v. Division of Children and Family* [*Bradley I*], 12-CV-1244-RTR; *Bradley v. Sabree et al.* [*Bradley II*], 14-CV-429-JPS; *Bradley v. Sabree et al.* [*Bradley III*], 15-CV-1384-PP. In each prior case, Plaintiff's complaint was dismissed with prejudice. *Bradley I*, (Docket #17); *Bradley II*, (Docket #23); *Bradley III*, (Docket #21). Plaintiff appealed each dismissal and the Court of Appeals affirmed in each instance. *Bradley I*, (Docket #25); *Bradley II*, (Docket #35); *Bradley III*, (Docket #35).

All of the prior complaints were rejected upon a considered analysis of numerous grounds for dismissal, including the court's jurisdiction, application of preclusion doctrines, failure to exhaust administrative remedies, and the failure to state viable claims. The Court will not allow Plaintiff to continue to waste scarce taxpayer resources occupying its time with repeated filings concerning the same subject matter which warrant dismissal for the same reasons. This is the definition of frivolity and Plaintiff's complaint will be dismissed on that ground.

Plaintiff's motion for leave to proceed *in forma pauperis* must be denied, in any event. (Docket #2). The privilege to proceed without payment of costs and fees "is reserved to the many truly impoverished litigants who…would remain without legal remedy if such privilege were

not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Plaintiff's motion reveals that her monthly income exceeds her expenses by over $500.00. (Docket #2 at 2). Plaintiff also has substantial equity in her home. *Id.* at 3. Plaintiff's only explanation for not wanting to pay the filing fee is that her previous cases have been dismissed. *Id.* at 4. Because it is not clear that Plaintiff would be unable "to provide [her]self…with the necessities of life," if required to pay the filing fee, the Court cannot find her indigent. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff filed a number of nonsensical motions subsequent to submitting her complaint and motion to proceed *in forma pauperis*. (Docket #5, #6, #7, and #8). Each will be denied as moot. Finally, the Court of Appeals has warned Plaintiff that her continued frivolous appeals may result in sanctions. *Bradley III*, (Docket #35 at 4). This Court now provides the same warning. If Plaintiff continues to submit frivolous filings, she may be subject to sanctions, including monetary penalties or a general prohibition on filing in this District. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to *proceed in forma pauperis* (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's miscellaneous motions (Docket #5, #6, #7, and #8) be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Plaintiff offers bonafide arguments supporting her appeal.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of September, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge